# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: October 13, 2015

```
* * * * * * * * * * * * * * *
LESLIE LORD and RANDALL              *          UNPUBLISHED
MAGNUSKI, Legal Representatives of a *          Chief Special Master Dorsey
Deceased Minor Child, C.L.,          *
                                     *          No. 12-255V
              Petitioners,           *
                                     *
v.                                   *          Interim Attorney Costs; Reasonable
                                     *          Amount Requested to Which
SECRETARY OF HEALTH                  *          Respondent does not Object.
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * *
```

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, Massachusetts, for petitioners.
Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' COSTS[1]

On April 18, 2015, Leslie Lord and Randal Magnuski ("petitioners") filed a petitioner on behalf of their deceased minor child, C.L., for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioners alleged that C.L. died on May 13, 2011, as a result of receiving the Hepatitis B, DTAP-IPV-HIB, Prevnar, and Rotateq vaccinations on May 11, 2011. This case went to a hearing on July 29-30, 2015, and the official transcript of the hearing was filed on September 1, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 18, 2015, petitioners filed a Motion for Interim Attorneys' Costs in the amount of $1,224.50, in order to obtain the hearing transcript. Petitioners' counsel stated that the ongoing attorneys' fees and costs dispute between petitioners' counsel and respondent necessitated a motion for an interim award of costs in this case.  Petitioners stated that if the court denied their motion for interim costs, they would file a motion to temporarily suspend the proceedings until they were financially able to purchase the transcript.  Respondent filed her response to petitioners' motion for interim costs on October 5, 2015, stating that she was leaving the award to the undersigned's discretion.

The undersigned finds that petitioner is entitled to an award of interim attorneys' costs under the unique facts and circumstances of this case.  See Butler v. Sec'y of Health & Human Serv's, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y of Health & Human Serv's, 609 F.3d 1372, 1375 (Fed. Cir. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees").  The undersigned finds that petitioners' request is reasonable.

**Accordingly, $1,224.50, shall be awarded in the form of a check payable to petitioners and petitioners' attorney, Ronald Homer, for interim attorneys' costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with this decision unless a motion for review is filed.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review.